# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LUPERCIO,<br><br>  Plaintiff,<br><br>  v.<br><br>VISALIA POLICE DEPARTMENT, et al.,<br><br>  Defendants. | Case No. 1:13-cv-01028-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 1<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

## INTRODUCTION

Plaintiff Ramon Lupercio ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on December 13, 2010. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and is not capable of being cured by further leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

1 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### PLAINTIFF'S COMPLAINT

Plaintiff's claims arise from Plaintiff's arrest and conviction. Plaintiff names the Visalia Police Department, Mark Lopez, E. Grimes, Macario Mendoza, Jeff Boullosa, David Miller and the Palace Indian Gaming Casino as defendants in this action (all defendants collectively referred to as "Defendants"). Plaintiff identifies Mark Lopez and E. Grimes as detectives from the Visalia Police Department and Jeff Boullosa and David Miller as employees with the security staff at the Palace Indian Gaming Casino.

1    Plaintiff was convicted for attacking and shooting Defendant Macario Mendoza while
2 Mendoza was smoking in front of Plaintiff's wife's house.  When Plaintiff was arrested, Plaintiff
3 told Defendant Lopez that he was gambling at the Palace Indian Gaming Casino in Lemoore,
4 California at the time of the shooting incident.  Plaintiff told Lopez that he was wearing white
5 pants, a white shirt, a black vest, a black Texas-style hat and yellow crocodile-skin boots at the
6 casino.
7    Plaintiff contends that Lopez went to the Palace Indian Gaming Casino to verify
8 Plaintiff's alibi, but provided the casino's security staff with an incorrect description of what
9 Plaintiff was wearing.  Plaintiff contends that Lopez told the security staff to look for someone
10 wearing a baseball cap and a flannel shirt.  Plaintiff contends that, as a result, the casino's
11 security staff reviewed the surveillance video, but was looking for the wrong person.  Plaintiff
12 further contends that Defendants Miller, Grimes, Lopez and Boullosa viewed the security tapes
13 and identified Plaintiff at the casino the night of the shooting incident.  However, at the time of
14 Plaintiff's trial, the security tapes were no longer available because they were not preserved by
15 Defendants.  Plaintiff further alleges that Mendoza conspired with Lopez to falsely testify and
16 identify Plaintiff as the attacker during Plaintiff's trial.
17    Plaintiff contends that Defendants violated his rights under the Fourth Amendment's Due
18 Process Clause and the Eighth Amendment's Cruel and Unusual Punishments Clause.

19                            **IV.**
20                         **DISCUSSION**
21    **A.    Applicability of the Heck Doctrine**
22    Plaintiff claims that he was wrongfully convicted based on Defendants' false testimony
23 and/or destruction of evidence.  Prisoners in state custody "cannot use a § 1983 action to
24 challenge 'the fact or duration of [their] confinement.'"  Wilkinson v. Dotson, 544 U.S. 74, 78
25 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  A habeas corpus action is the
26 appropriate avenue for relief to invalidate their imprisonment.  Id.  Although Plaintiff here is
27 seeking damages, and not release from prison, a § 1983 action for damages will not lie where
28 "establishing the basis for the damages claim necessarily demonstrates the invalidity of the

conviction". Heck v. Humphrey, 512 U.S. 477, 481-482 (1994). Plaintiff may not pursue a § 1983 damages for this claim until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus". Id. at 487.

Plaintiff's complaint may state a claim under Brady v. Maryland, 373 U.S. 83 (1963), for the violation of Plaintiff's due process rights caused by the prosecution's suppression of evidence favorable to Plaintiff. However, any claim under Brady would be barred under the Heck doctrine. A Brady claim falls within the Heck doctrine and therefore requires Plaintiff to first demonstrate that his conviction has been reversed, expunged, declared invalid or otherwise called into question. Heck, 512 U.S. at 479 (barring claim that the defendants knowingly destroyed exculpatory evidence); Skinner v. Switzer, 131 S.Ct. 1289, 1300 (2011) (recognizing that Brady claims "ranked within the traditional core of habeas corpus and outside the province of § 1983"). Since Plaintiff has not alleged that his conviction has been reversed, expunged, declared invalid or otherwise called into question, Plaintiff's complaint fails to state any cognizable claims and should be dismissed.

**B.     Dismissal Without Leave to Amend**

Normally, the Court must grant leave to amend, even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, the Court ordered Plaintiff to show cause why Plaintiff's complaint should not be dismissed. (ECF No. 2.) Specifically, the Court noted that Plaintiff's complaint in this action was largely identical to the claims Plaintiff attempted to raise in a prior action, Lupercio v. Visalia Police Department, case number 1:10-cv-02314-AWI-GBC. Plaintiff's prior case was dismissed as barred by the Heck doctrine.

Plaintiff submitted his response to the Court's order to show cause on September 5, 2013. (ECF No. 7.) In his response, Plaintiff contends that this new action is appropriate because of new evidence that was not submitted in the prior case. However, Plaintiff's prior case was

dismissed by operation of the Heck doctrine and Plaintiff's response to the order to show cause does not indicate that Plaintiff's conviction has since been reversed, expunged, declared invalid or otherwise called into question.  Accordingly, Plaintiff's claims remain barred by operation of the Heck doctrine.  The Court finds that Plaintiff's claims in this action are not capable of being cured by further leave to amend.

## V.

## CONCLUSION AND RECOMMENDATION

As set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court further finds that Plaintiff's claims are not capable of being cured by granting further leave to amend.

Based upon the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 24, 2013**

UNITED STATES MAGISTRATE JUDGE